IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AUSTIN SAMPLES                                                                                    PLAINTIFF

v.                              Civil No.  6:14-cv-06118

LARRY CAIN, Jail Administrator,
Clark County Detention Center; and
SHERIFF JASON WATSON                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Plaintiff was incarcerated in Clark County Jail when he originally filed this complaint (Doc. 2).  On March 16, 2015, mail was delivered to the Court as undeliverable with a notation that he was no longer in the Clark County Jail.  No new address was available.  Plaintiff's mail continued to be returned as undeliverable by the Clark County Jail.

On April 23, 2015, the Court entered a change of address (Doc. 13) for the Plaintiff to the Mesa County Detention Facility in Grand Junction, Colorado.  Plaintiff was reminded of his obligation to keep the Court informed of his current address at all times.

On May 18, 2015, mail was returned from the Mesa County Detention Facility with a notation that Plaintiff was no longer at that facility.  Mail was returned again on May 19th, May 26th, and June 16th. All mail sent to the Plaintiff since March 16, 2015, has been returned as undeliverable.  During this entire period of time, from March to date, Plaintiff has not communicated with the Court.

I therefore recommend that the case be dismissed with prejudice based on the Plaintiff's failure to comply with the order of the Court and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of July 2015.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE